UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GENEVIEVE PETERS SCOTT,

        Plaintiff,

v.

        Case No. 26-cv-11142
        Honorable Linda V. Parker

JOCEYLYN BENSON, in her official
capacity as Secretary of the State of
Michigan; DANA NESSEL, in her official
capacity as Attorney General of Michigan; and
JONATHAN BRATER, in his official
capacity as Director of the Michigan
Bureau of Elections,

        Defendant.

_____/

**OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE
SUPPLEMENTAL MATERIALS (ECF NO. 20) AND
DENYING PLAINTIFF'S MOTION FOR INJUNCTION PENDING
APPEAL (ECF NO. 18)**

Plaintiff Genevieve Peters Scott filed this pro se action on April 7, 2026, as

she wants to be included on Michigan's ballot for the August 4, 2026 primary

election, to be considered as the Republican Party's nominee for United States

Senate.  Peters Scott has not collected the number of voter signatures required

under Michigan law to qualify, however.  On the same date that she initiated this

action, Peters Scott also filed a motion for a temporary restraining order ("TRO")

and preliminary injunction.  (ECF No. 3.)  Peters Scott asked the Court to enjoin

Defendants from enforcing the signature requirement and order them to place her name on the August 4, 2026 primary ballot.  Alternatively, she asked the Court to set a reduced signature threshold or a reasonable filing fee to qualify.

On April 27, 2026, the Court issued an opinion and order denying Peters Scott's motion.  (ECF No. 12.)  The Court found that she was not likely to succeed on her First and Fourteenth Amendment challenge to Michigan's ballot requirements.  The Court further found that any harm to Peters Scott absent an injunction was outweighed by the irreparable harm to Defendants and the public if an injunction issued.

Peters Scott has appealed the Court's decision.  (ECF No. 13.)  She also filed a motion for an injunction pending appeal (ECF No. 18) and a motion to file supplemental materials in support of her claims (ECF No. 20).  The Court is granting Peters Scott's request to supplement the record; however, even with the additional materials, she fails to demonstrate a likelihood of success on the merits of her claims.  Therefore, the Court is denying her motion for an injunction pending appeal.

Under Federal Rule of Civil Procedure 62, when an appeal is taken from an interlocutory judgment denying an injunction, the district court may issue an injunction pending appeal.  Fed. R. Civ. P. 62(c).  Generally, the four factors that the court must weigh are the same as those considered in analyzing a motion for

preliminary injunction: (1) the likelihood of success on  the merits of the action; (2) the irreparable harm which could result without the requested relief; (3) the possibility of substantial harm to others; and (4)  the impact on the public interest. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).  "These factors are not prerequisites, but are factors to be balanced against each other."  *United States v. Edward Rose & Sons*, 384 F.3d 258, 261 (6th Cir. 2004).

The Court finds it unnecessary to restate its reasons for concluding that the factors do not weigh in favor of injunctive relief, as Peters Scott has not raised any new arguments for reconsidering the Court's previous analysis.

Accordingly,

**IT IS ORDERED** that Peters Scott's motion for leave to file supplemental materials (ECF No. 20) is **GRANTED**.

**IT IS FURTHER ORDERED** that Peter Scott's motion for an injunction pending appeal (ECF No. 19) is **DENIED**.

s/ Linda V. Parker
LINDA  V. PARKER
U.S. DISTRICT JUDGE

Dated: May 14, 2026

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, May 14, 2026, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager

3